UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| DEBRA M. SANDS, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No. | 3:12-CV-297 |
| | ) | | (VARLAN/SHIRLEY) |
| CAROLYN W. COLVIN, | ) | | |
| Acting Commissioner of Social Security, | ) | | |
| | ) | | |
| Defendant. | ) | | |

## **MEMORANDUM AND ORDER**

This case is before the Court for disposition of Plaintiff's Motion for Summary Judgment and Memorandum in Support [Docs. 15, 16] and Defendant's Motion for Summary Judgment and Memorandum in Support [Docs. 17, 18]. Plaintiff Debra M. Sands seeks judicial review of the final decision of the Defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("the Commissioner").

On June 15, 2010, plaintiff filed an application for a period of disability, disability insurance benefits, and/or supplemental security income [Tr. 123, 133]. After her application was denied initially and upon reconsideration, plaintiff requested a hearing. On September 16, 2011, a hearing was held before an ALJ to review determination of plaintiff's claim [Tr. 28-44]. At the hearing, plaintiff orally modified her alleged onset date to be April 11, 2010. On October 6, 2011, the ALJ found that plaintiff was disabled as of the amended onset date.

The Appeals Council reviewed this case and issued an opinion on April 19, 2012, finding that plaintiff "was not disabled at any time prior to October 6, 2011 under sections 1602 and 1614(a)(3)(A) of the Social Security Act" [Tr. 6]. The Decision of the Appeals Council became the final decision of the Commissioner. Plaintiff now seeks judicial review of the Commissioner's decision.

## I. APPEALS COUNCIL FINDINGS

The Appeals Council adopted the following findings initially made by the ALJ:

1. The claimant's date last insured is December 31, 2010.

2. The claimant has not engaged in substantial gainful activity since April 11, 2010, the amended alleged onset date (20 CFR 404.1520(b), 404.1571 *et seq.*, 416.920(b) and 416.971 *et seq.*).

3. The claimant has the following severe impairments: degenerative disc disease of the cervical spine; migraine headaches; fibromyalgia; restless leg syndrome; diabetes mellitus; . . . (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a).

6. . . .

7. The claimant was an individual "closely approaching advanced age" on the established disability onset date (20 CFR 404.1562 and 416.963).

8. The claimant has a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

[Tr. 24-26].

The Appeals Council declined to adopt the ALJ's findings at steps four and five of the sequential analysis, which concluded that plaintiff could not perform her past relevant work or similar work available in the local economy and national economy. Instead, the Appeals Council found that "with the residual functional capacity for the full range of sedentary work, the claimant can perform her past relevant work as a child support officer, and is not disabled" [Tr. 6].

## II. DISABILITY ELIGIBILITY

To qualify for SSI benefits, plaintiff must file an application and be an "eligible individual" as defined in the Act. 42 U.S.C. § 1382(a); 20 C.F.R. § 416.202. An individual is eligible for SSI benefits on the basis of financial need and either age, blindness, or disability. *See* 42 U.S.C. § 1382(a).

"Disability" is the inability "[t]o engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of

3

substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. 42 U.S.C. § 1382c(a)(3)(B).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). Plaintiff bears the burden of proof at the first four steps. *Walters*, 127 F.3d at 529. The burden shifts to the Commissioner at step five. *Id.* At the fifth step, the Commissioner must prove that there is work available in the national economy that the

claimant could perform. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987)).

## III.   STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).  If the ALJ applied the correct legal standards and his findings are supported by substantial evidence in the record, his decision is conclusive and must be affirmed.  *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004); 42 U.S.C. § 405(g).  Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quotation omitted); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently.  *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986).  The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of

5

court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, the Court will not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Walters*, 127 F.3d at 528.

In addition to reviewing the ALJ's findings to determine whether they were supported by substantial evidence, the Court also reviews the ALJ's decision to determine whether it was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner. *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). The Court may, however, decline to reverse and remand the Commissioner's determination if it finds that the ALJ's procedural errors were harmless.

An ALJ's violation of the Social Security Administration's procedural rules is harmless and will not result in reversible error "absent a showing that the claimant has been prejudiced on the merits or deprived of substantial rights because of the [ALJ]'s procedural lapses." *Wilson*, 378 F.3d at 546-47. Thus, a procedural error by the agency is harmless if his ultimate decision was supported by substantial evidence *and* the error did not deprive the claimant of an important benefit or safeguard. *See id.* at 547.

A final decision of the Secretary of the Social Security Administration is subject to judicial review. *See* 42 U.S.C. § 405(g). "When the Appeals Council grants review, the Appeals Council decision is reviewable as the final decision of the Secretary[, but w]hen the Appeals Council denies review, the decision of the ALJ becomes the final decision of

6

Case 3:12-cv-00297-TAV-CCS   Document 19   Filed 08/28/13   Page 6 of 19   PageID #: 99

the Secretary." *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998) (quoting *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994)).

On review, plaintiff bears the burden of proving his entitlement to benefits. *Boyes v. Sec'y. of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994) (citing *Halsey v. Richardson*, 441 F.2d 1230 (6th Cir. 1971)).

## IV. POSITIONS OF THE PARTIES

Plaintiff presents three allegations of error. First, plaintiff argues that the Commissioner did not consider her mild limitations in mental functioning. Second, plaintiff argues that the Commissioner did not properly explain the lack of credibility afforded to plaintiff's subjective complaints relating to the effect pain has upon her mental functioning. Third, plaintiff argues that the Commissioner did not afford proper weight to a medical source statement showing marked limitations in concentration, persistence, and pace [Doc. 16].

The Commissioner responds that the decision of the Appeals Council is supported by substantial evidence. The Commissioner maintains that the residual function capacity determination is consistent with the opinions of the non-treating, medical sources in the record. The Commissioner argues that the credibility determination is consistent with the residual functional capacity determination, and it complies with applicable regulations. Finally, the Commissioner argues that the Appeals Council was not required to accept the medical questionnaire submitted by plaintiff [Doc. 18].

## V. ANALYSIS

The Court will address each of plaintiff's allegations of error in turn.

### A. Mild Limitations in Mental Functioning

Plaintiff argues that, although her depression and anxiety are not considered to be "severe," the records supports finding that plaintiff has "at least mild mental limitations that could impact her ability to perform skilled work" [Doc. 16 at 9]. In support of this allegation of error plaintiff cites the Court to the conclusions of Roy Nevils, Ph.D., who examined plaintiff on August 30, 2010 [*Id.* (citing Tr. 350)]. Plaintiff also cites the findings of Fawz Schoup, Ph.D., a non-examining source [Doc. 16 at 9 (citing Tr. 331)].

The Commissioner argues that plaintiff has failed to show how the mild mental limitations would prevent her from performing sedentary work [Doc. 18 at 14]. The Commissioner argues that non-severe limitations, like the mental limitations alleged by plaintiff, do not limit an individual's ability to perform basic work activities [*Id.* at 15 (citing 20 C.F.R. §§ 404.1521(a), 416.921(a))]. The Commissioner maintains that the mild limitation that Dr. Nevils found are not inconsistent with the conclusion that plaintiff can perform sedentary work, and the Commissioner contends that Dr. Schoup's opinion, as that of a non-examining physician, is entitled to little deference [Doc. 18 at 17].

In concluding his notes from a consultation with plaintiff, Dr. Nevils wrote:

> Mr. Sands reports some difficulties with anxiety most of her life, and more recent difficulties with depression. There appears to have been some additional decompensation of

8

> mood and affect in recent years due to progressive physical problems and development of dysfunction in the relationship with her boyfriend – leading to a recent separation. Due to her depression and anxiety, she appears to be mildly withdrawn from social interactions. There are no limitations seen with respect to memory, concentration, or adaptability due to mental disorder. She is considered capable of managing her own funds.

[Tr. 215].

These conclusions were based upon Dr. Nevils's observations of plaintiff, in which he noted that plaintiff was "overtly clam, but a very unhappy individual with a whining quality throughout" [Tr. 314]. He noted, "She was cooperative, spontaneous, coherent, and without evidence of disorientation or thought disorder" [*Id.*]. However, in Dr. Nevils's opinion, plaintiff's "credibility was somewhat questionable in that she would have a tendency to exaggerate symptoms and impairment" [*Id.*]. For her part, plaintiff reported to Dr. Nevils that she: interacted with her daughter and grandchildren every day; attempts to go to church once per week; visits with her brother at "the races" once a month; talks to her other brothers on the phone occasionally; sees her cousins twice a year at family reunions; goes shopping once a month; and recently attended a family wedding [Tr. 313-14].

Dr. Schoup found that plaintiff had a non-severe mental impairment [Tr. 321], which presented difficulties in maintaining concentration, persistence, or pace, to a mild degree [Tr. 331]. Dr. Schoup did not cite any specific medical evidence in support of this finding. Instead, Dr. Schoup adopted a previous ALJ decision dated October 15, 2007,

9

and Dr. Schoup noted that plaintiff appeared to exaggerate her symptoms [Tr. 333]. The 2007 ALJ opinion adopted by Dr. Schoup found that plaintiff had no severe mental limitations and that "any restrictions in the claimant's daily activities are voluntary in nature" [Tr. 64].

The Court finds that the mild mental limitations found by Dr. Nevils and Dr. Schoup do not undermine the residual functional capacity finding of the ALJ, which was subsequently adopted by the Appeals Council. Initially, the Court finds that the mental findings cited by plaintiff are themselves inconsistent, with Dr. Nevils, who examined plaintiff, finding that plaintiff had no limitations with regard to concentration or persistence, and Dr. Schoup, who did not examine plaintiff, finding that plaintiff would have mild limitations. Dr. Schoup did not cite any evidence in the record that supports this finding, and the evidence Dr. Schoup did cite, such as the 2007 ALJ opinion, undermine this conclusion.

With regard to Dr. Nevils's conclusion that plaintiff appeared to be "mildly withdrawn from social interactions," the Court finds that the Dr. Nevils's own report and its discussion of plaintiff's life activities support finding only the mildest level of withdrawal. Plaintiff does not even argue that, or how, this mild withdrawal or mild mental limitations would affect her ability to perform sedentary work. Based upon the low level of the mental impairments supported by Dr. Nevils and Dr. Schoup's notes, the Court finds that these non-severe impairments would not affect the residual functional

capacity determination. The Court concludes that the allegation of substantive error with regard to these mild limitations is not well-taken.

Plaintiff focuses her argument on the procedural deficiency of the Commissioner's weighing of the mild mental limitations. She maintains that the Commissioner "failed to abide by his policy that the RFC must include all limitations, even those from non-severe impairments" [Doc. 16 at 10]. In support of this allegation of procedural error, plaintiff cites the Court to 20 C.F.R. § 404.1545(a)(2),[1] which states: "We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe,' as explained in §§ 404.1520(c), 404.1521, and 404.1523, when we assess your residual functional capacity."

In his fifth finding—a finding which was adopted by the Appeals Council—the ALJ discussed Dr. Nevils's examination of plaintiff. The ALJ noted that plaintiff was diagnosed with "other interpersonal problems" and that her Global Assessment of Functioning Score was 70, which indicates mild impairment [Tr. 25]. The Court finds that this discussion demonstrates that the mild withdrawal and other interpersonal problems were considered by the Commissioner in a manner consistent with 20 C.F.R. §

---

[1] Plaintiff has also cited "Soc. Sec. Rul. 96-8, at *20" as interpreting § 404.1545 to "requir[e] a written explanation for why the RFC does not adopt limitations set forth in the medical source statement." The Court has interpreted this citation as being a Social Security Ruling 96-8p, which addresses residual functional capacity determinations. Because Ruling 96-8p is only seven pages in length, the Court cannot use Plaintiff's citation, but the Court has reviewed Ruling 96-8p and finds no such written requirement with regard to a non-treating medical source. Ruling 96-8p states: "The RFC assessment must always consider and address medical source opinions." As stated in the body of this opinion, the Court finds that the Commissioner fulfilled this requirement.

404.1545. The Court finds that the Commissioner did not err, procedurally, with regard to this issue.

Based on the foregoing, the Court finds that the Commissioner did not commit reversible error in addressing plaintiff's mild mental impairments.

B. **Credibility Determination as Related to Allegations of Pain**

Plaintiff next argues that the Commissioner erred in his credibility determination, as it relates to plaintiff's allegations of pain. Plaintiff notes that the ALJ found her "statements concerning the intensity, persistence and limiting effects of the claimant's symptoms are credible and are supported by the objective evidence of record and credible testimony at the oral hearing," [Tr. 26], and the Appeals Council adopted this credibility finding. Plaintiff argues that despite this favorable credibility determination, the Commissioner discounted plaintiff's subjective reports of pain.

The Commissioner maintains that plaintiff's subjective complaints of pain are not dispositive evidence of disability and must be supported by medical evidence of disability. The Commissioner appears to concede that the Appeals Council adopted the ALJ's finding that plaintiff was credible, but the Commissioner submits that the Appeals Council discounted plaintiff's subjective complaints for the reasons stated in its opinion with reference to specific limitations. The Commissioner further maintains that remanding for clarification would be a waste of resources, because the Appeals Council's findings are supported by substantial evidence.

12

Social Security Ruling 96-7p offers extensive guidance for interpreting an individual's subjective complaints. Ruling 96-7p acknowledges that a claimant's statements about her symptoms "is not enough in itself to establish the existence of a physical or mental impairment or that the individual is disabled." 1996 WL 374186 at *2. The Commissioner must complete a two-step process to evaluate the credibility of the claimant's statements by weighing whether there is an underlying medically determinable physical or mental impairment that could be expected to produce the individual's symptoms. *Id.* The Commissioner must then consider whether the impairment could be expected to produce the intensity, persistence, or functional limitations alleged to have resulted from the impairment. *Id.*

Thus,

> Once the adjudicator has determined the extent to which the individual's symptoms limit the individual's ability to do basic work activities by making a finding on the credibility of the individual's statements, the impact of the symptoms on the individual's ability to function must be considered along with the objective medical and other evidence, first in determining whether the individual's impairment or combination of impairments is "severe" at step 2 of the sequential evaluation process for determining disability and, as necessary, at each subsequent step of the process.

*Id.* at *3.

In this case, the Appeals Council explicitly adopted the ALJ's findings "as to the claimant's residual functional capacity and the credibility of her subjective complaints" [Tr. 5]. The ALJ found that plaintiff's statements concerning "the intensity, persistence

and limiting effects of the claimant's symptoms [were] credible and [were] supported by the objective evidence of record and credible testimony at the oral hearing" [Tr. 26].

The Court finds that this credibility finding is inconsistent with the weight afforded to plaintiff's subjective complaints and the effect of her pain on her mental functioning. For example, plaintiff alleged that her migraine headaches, which make her too sick to get out of bed for hours at a time, at least three times per week [Tr. 157, 160]. If these allegations were fully credited, plaintiff could not perform work available in the national economy. The Appeals Council did not fully credit these allegations despite stating that it found plaintiff's allegations to be credible. The Court finds that this internal inconsistency requires remand.

As noted above, the Court will not remand a case "absent a showing that the claimant has been prejudiced on the merits or deprived of substantial rights because of the agency's procedural lapses." *Wilson*, 378 F.3d at 546-47. A procedural error is harmless if his ultimate decision was supported by substantial evidence *and* the error did not deprive the claimant of an important benefit or safeguard. *See id.* at 547. In this case, the Court finds that the Commissioner's decision is internally inconsistent with regard to allegations that could potentially result in a finding of disability. The claimant will be prejudiced on the merits, absent this inconsistency being resolved, and the Court finds that the error would deprive the claimant of an important safeguard—that being an opinion explaining the basis of the decision.

Accordingly, this case will be remanded to the Commissioner to address plaintiff's credibility and how plaintiff's subjective allegations were weighed in light of the credibility finding.

### C. The Medical Source Statement

Finally, plaintiff argues that the Commissioner did not provide sufficient reasons for discounting a disability worksheet. Plaintiff identifies the medical sources who completed this form in her brief as Janice Jenkins, who plaintiff submits is a nurse practitioner, and Jan Hahn, who plaintiff submits is a medical doctor. The Commissioner lists this form as being completed by "J. Halmon, M.D." [*See* Court Trans. Index]. The Court has no way of definitively identifying this source and acknowledges the inconsistency between the names used by the parties.

Plaintiff concedes that these sources were not treating sources, and she states that the sources had not seen plaintiff until the day that they completed the form. Plaintiff also concedes that no treatment or examination notes accompany the form [Doc. 16 at 15]. Plaintiff submits, "Despite the brevity of the opinion, the Commissioner still had a duty to acknowledge it under Section 404.1527(f)(2)(ii) and Social Security Ruling 96-8p" [*Id.*].

The Commissioner responds that a non-treating source does not enjoy deferential status [Doc. 18 at 18]. The Commissioner argues that the ALJ or Appeals Council did not err in addressing the form because the findings expressed therein were not based upon or connected to any objective evidence or clinical findings. Further, the Commissioner

15

Case 3:12-cv-00297-TAV-CCS   Document 19   Filed 08/28/13   Page 15 of 19   PageID #: 108

argues that the opinion expressed through the form was inconsistent with the medical evidence of the record.  Finally, the Commissioner notes that the ALJ and Appeals Council are not required to give any particular weight to opinions expressed in check-box forms [*Id.* at 20].

In the form, the medical sources opined *inter alia* that: plaintiff had deficiencies of concentration; she experienced repeated episodes of decompensation; she was markedly impaired in her ability to remember and carry out short and simple instructions; she was markedly limited in her "ability to sustain an ordinary routine without special supervision"; she was extremely impaired in her ability to "complete a normal workday and workweek without interruptions"; she was extremely impaired in her ability to "interact appropriately with the general public"; and she was markedly limited in her ability to " set realistic goals or make plans independently of others" [Tr. 384-86].  In support of these findings, the sources cited the last date plaintiff operated a vehicle, her last date of work, her last mental health assessment, and the fact that she takes an antidepressant.  They also noted that it was recommended that she "resume mental health treatment" [Tr. 386].

Plaintiff cites the Court to 20 C.F.R. § 404.1527(f)(2)(ii), which is no longer included in the C.F.R.  The Court presumes that this reference is to 20 C.F.R. § 404.1527(e)(2)(ii), as subpart (f) was redesignated to subpart (e) on February 23, 2012, by 77 FR 10651-01.  Section 404.1527(e)(2)(ii) states:

16

> Unless a treating source's opinion is given controlling weight, the administrative law judge must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant or other program physician, psychologist, or other medical specialist, as the administrative law judge must do for any opinions from treating sources, nontreating sources, and other nonexamining sources who do not work for us.

It appears undisputed that the Appeals Council did not follow this directive. The Court cannot find a reference to the form, referred to as Exhibit B18F, in either the Appeals Council's decision or the ALJ's decision. The Commissioner has not cited the Court to any reference to the form, let alone any explanation of the weight afforded to it. The Court thus turns to the issue of whether this error was harmless.

First, the Court finds that there are concerns with the form in that the form's opinions are not supported by objective medical evidence, nor do they cite any test performed by the examiners, the nature or extent of observations made by the examiners, or any tests or observations performed by others that were considered in concluding that plaintiff could not work and that she lacked the ability to carry out simple tasks or interact with the general public. And the Court cannot determine whether the opinions are plaintiff's own subjective complaints adopted by the examiners.

Second, the Court finds that the opinions do not appear fully consistent with plaintiff's subjective reports that she washes dishes, washes clothes, cooks, and that when she cannot perform these tasks it is because she is "stiff and sore" [Tr. 198]. Nor do the opinions coincide with plaintiff's reports that she shops in stores and that she wishes she

17

could go to church more [Tr. 199-200]. It also appears that her claimed limitations on performing tasks, which require public interaction, were with regard to her pain and stiffness as opposed to mental weariness of the public.

Third, the Court finds that the Appeals Council addressed at length plaintiff's memory loss. The discussion of memory loss is directly related to the majority of the findings in the form that stated, for example, plaintiff could not remember and perform simple tasks. The Appeals Council noted plaintiff's ability to perform serial seven subtractions for Dr. Nevils without error, her ability to recall three of three items for Dr. Nevils without delay, and Dr. Nevils's general impression that plaintiff tended to exaggerate her symptoms. The Appeals Council contrasted Dr. Goh's findings, which were based upon subjective reports and not objective testing.

Given the time the Appeals Council devoted to discussing plaintiff's alleged memory loss, it could be argued that it is unlikely that a form, which cites no objective medical evidence and is inconsistent with plaintiff's own reports, will change the outcome of this case. Whether this error is reversible is a close call given the above-noted deficiencies in the form. *See Wilson*, 378 F.3d at 547 (using as an example of a harmless error an instance in which an "opinion is so patently deficient that the Commissioner could not possibly credit it"). Notwithstanding, the Court finds that the interests of the parties and judicial economy are best served by ordering the Commissioner to explain the weight afforded to the form when this case is remanded for the reversible error relating to credibility.

18

## VI. CONCLUSION

Based upon the foregoing, Plaintiff's Motion For Judgment on the Pleadings [Doc. 15] is **GRANTED** and the Commissioner's Motion for Summary Judgment [Doc. 17] is **DENIED**. This case is **REMANDED** to the Commissioner to explain: (1) the credibility finding and the weight afforded to plaintiff's subjective complaints and (2) the weight afforded to Exhibit B18F, the form completed on June 20, 2011.

IT IS SO ORDERED.

                                            s/ Thomas A. Varlan
                                            CHIEF UNITED STATES DISTRICT JUDGE

ENTERED AS A JUDGMENT

    s/ Debra C. Poplin
    CLERK OF COURT